IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD LAWRENCE KNOWLES,**　　　CASE NO. 2:09-cv-00746
　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE KEMP
**Petitioner,**　　　　　　　　　　　　　JUDGE HOLSCHUH

v.

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

**Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

According to the petition, this action involves petitioner's convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on breaking and entering, theft of a firearm, possession of criminal tools, four counts of aggravated robbery, and four counts of theft, with firearm specifications. On March 19, 2001, he was sentenced to ten years incarceration. He did not file an appeal; however, more than seven years later, on July 2, 2008, he filed a state habeas corpus petition in which he asserted that the firearm he used was not fully operable; his bindover was improper; and that evidence was withheld by the prosecutor. On October 16, 2008, the appellate court dismissed his habeas

corpus petition.

On August 25, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The weapon was never fully assembled and at no time was an operable firearm or could have been readily rendered operable.
>
> The BCI & I lab report, which was withheld, states that the weapon was missing the "cylinder pin;" the police supplemental reports state that the weapon was found unloaded and was the same weapon used by Knowles and the only weapon used by Knowles as specified in the indictment.
>
> 2. Mandatory bindover was both improper and invalid and subject matter jurisdiction of sentencing court was unlawfully obtained.
>
> Mandatory bindover was improper because mandatory bindover requires the juvenile to personally possess a firearm as defined by law and the BCI &I lab report and police supplemental reports show that the weapon used by Knowles was not an operable firearm.
>
> 3. The issues determined at a mandatory bindover hearing are a critically important stage in juvenile proceedings; must live up to due process.
>
> Probable cause hearings were held in March and April 2000, and the BCI & I lab report was withheld by the State until May 2000, long after both mandatory transfers were already over.

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas

corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on April 18, 2001, thirty days after he was sentenced on March 19, 2001, when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on April 18, 2002. Petitioner waited more than seven years later, until August 19, 2009, to execute his federal habeas corpus petition. His July 2, 2008, state habeas corpus petition did not toll or

otherwise affect the running of the statute of limitations in this case, since the statute of limitations had already long since expired before he filed such action. "The tolling provision does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely**.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and*

*Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge